**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4897**

─────────

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

MARION IRBY,

          Defendant – Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:07-cr-01211-GRA-1)

─────────

Submitted:  February 16, 2011      Decided:  March 17, 2011

─────────

Before KING, KEENAN, and WYNN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

David B. Betts, Columbia, South Carolina, for Appellant.
Maxwell B. Cauthen, III, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marion Irby pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a) (2006). The district court sentenced Irby to 188 months' imprisonment. In this appeal, Irby's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Irby's guilty plea was freely and voluntarily made considering that the district court failed to fully comply with Fed. R. Crim. P. 11. Irby filed a pro se supplemental brief, asserting that the district court erred in categorizing him as a career offender because his South Carolina burglary convictions are not crimes of violence under U.S. Sentencing Guidelines Manual ("USSG) § 4B1.1 (2007). The Government elected not to file an answering brief.

The sole issue counsel raises on appeal is that Irby's guilty plea is involuntary because the district court failed to inform him that, pursuant to Fed. R. Crim. P. 11(b)(1)(B), he could persist in his plea of not guilty. Because Irby did not raise this issue in the district court or move to withdraw his guilty plea on the basis of this omission, we review the issue for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009) (stating standard of review for unpreserved Rule 11

2

error).  To establish plain error, Irby must show that "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights."  Massenburg, 564 F.3d at 342-43.  To demonstrate an impact on his substantial rights, Irby must establish that, but for the error, he would not have pled guilty.  Id.  Even if plain error is found, we will exercise our discretion to notice the error "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks omitted).

Here, counsel is correct that the district court did fail to inform Irby of his right to persist in his guilty plea.  This omission was an error that was plain, satisfying the first two prongs of the plain error test.  However, counsel does not assert, and the record does not suggest, that Irby would not have pled guilty had he received that information at the Rule 11 hearing.  Therefore, Irby fails to establish the third prong of plain error, that the error affected his substantial rights.

The district court otherwise complied with the requirements of Rule 11 in accepting Irby's guilty plea.  Thus, the district court adequately ensured that the guilty plea was knowing and voluntary and supported by a sufficient factual basis, and we affirm Irby's conviction.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

3

Irby bases his pro se challenge to his sentence on a misunderstanding of the basis for that sentence. Irby was sentenced as an armed career criminal, 18 U.S.C. § 924(e) (2006), USSG § 4B1.4, rather than as a career offender, USSG §§ 4B1.1, 4B1.2. In order to be considered as a predicate conviction under the Armed Career Criminal Act, a burglary need not be of a dwelling. Taylor v. United States, 495 U.S. 575, 599 (1990) ("We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."). In contrast, in order to be considered as a predicate crime of violence for career offender status, a burglary conviction must be of a dwelling. USSG § 4B1.2(a)(2) & cmt. 1. Because Irby was sentenced as an armed career criminal, the district court did not err in considering as prior violent felonies his state convictions for burglary of commercial buildings. Irby therefore was properly sentenced as an armed career criminal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Irby's conviction and sentence. This court requires that counsel inform Irby, in writing, of the right to

4

petition the Supreme Court of the United States for further review. If Irby requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Irby.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED